UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LINDA KAYE ARMSTRONG,                    Civ. No. 10-3740 (DWF/LIB)

    Plaintiff,

v.                                       **REPORT AND**
                                         **RECOMMENDATION**

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

This matter is before the Court upon Defendant's Motion to Dismiss for Lack of Jurisdiction. The motion has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, it is recommended that the Defendant's Motion to Dismiss be granted.

**I.     BACKGROUND**

The Complaint in this action was originally filed by Plaintiff Linda Kaye Armstrong in Conciliation Court for Ramsey County District Court on June 4, 2010. (Dkt. 1-1). On August 24, 2010, the Defendant Social Security Administration (the "SSA") removed this action to federal court[1], and on October 22, 2010, the Defendant filed a Motion to Dismiss for Lack of Jurisdiction, which is now before the Court. Plaintiff was directed to file a response to the

---

[1] It appears that Armstrong did not serve a duly appointed agent of the Defendant with service of process while this action was pending in state court. (Notice of Removal, Dkt. 1, at ¶ 2). A default judgment was entered against the Defendant on July 28, 2010, but the entry of final judgment was stayed until August 30, 2010 so as to allow for appeal or removal of the action. (Dkt. 1-1).

Defendant's Motion by no later than November 24, 2010, but to date she has failed to lodge any response to the Defendant's Motion.

In her Statement of Claim filed in state court, Armstrong appears to claim that the SSA underpaid benefits in connection with a 2004 decision. Her Statement of Claim, repeated verbatim, is as follows:

> "I had and [sic] claim for Social Security $98000 in the year of 2001 goten [sic] aprove [sic] in 2004 $2875.00 for SSI. I think my husband had gotten [sic] money which stop [sic] the amount I should have got higher amounts of $10,000 for my SSI."

Plaintiff seeks $7,000.00 from the Defendant as relief.

By way of background, on August 1, 2004, the SSA advised Armstrong that it had concluded that she became disabled as of July 25, 2003, and consequently, it was granting a previously filed application for benefits.[2] (Dkt. 14). The letter informed Armstrong that under the SSA's rules she would be entitled to monthly benefits beginning in January 2004, and that her monthly benefit was $613.00. The letter also advised Armstrong that the SSA was withholding past-due benefits for the period of January 2004 through July 2004 at that time, because the SSA "may have to reduce these benefits if you received Supplemental Security Income (SSI) for this period." The SSA calculated that the amount of past-due benefits was $3678.00.

Thereafter, on December 26, 2004, the SSA notified Armstrong that it would be reducing her past-due benefits because she had already received some SSI payments prior to August

---

[2] The Defendant represents that the application resulting in the 2004 SSA determination was filed on March 23, 2004, but that date cannot be verified through the Defendant's submissions to the Court. However, as Armstrong has not responded or objected to the Defendant's representations regarding the underlying facts, the Court will assume that the 2004 decision was based on an application filed on March 23, 2004.

2004.[3] The SSA advised Armstrong that it would be reducing the past-due benefits that she would be receiving by $2,056.00, and that it was also withholding $919.50 for payment of her attorney. As such, the SSA advised Armstrong that it would be sending her a check in the amount of $1,315.50 in past-due benefits.

In both letters, the SSA advised Armstrong that if she disagreed with the SSA's decision she had 60 days to ask for an appeal in writing. There is no record that Armstrong filed an administrative appeal challenging any aspect of the SSA's 2004 determination. (Herbst Decl., Dkt. 10, at ¶ 3(b)). Accordingly, the Defendant now moves to dismiss Armstrong's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1). The SSA contends that jurisdiction cannot be based on 42 U.S.C. § 405(g) because Plaintiff has failed to complete the administrative process required by the statute for conferring jurisdiction on the courts.

## II. DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction and requires the court to examine whether it has authority to decide the claims. Uland v. City of Winsted, 570 F.Supp.2d 1114, 1117 (D. Minn. 2008). "Because jurisdiction is a threshold question, the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists." Green Acres Enterprises, Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005), citing Osborn v. United States, 918 F.2d 724, 728-30 (8th Cir. 1990). The burden of establishing the existence of subject matter jurisdiction lies with the plaintiff. Id.

---

[3] See 42 U.S.C. § 1320a-6 (requiring a reduction of benefits in connection with past-due disability insurance benefits (DIB) if the individual already received SSI in the months for which they are entitled to receive past-due DIB); 20 C.F.R. § 404.408b.

3

The defendant in this matter is an agency of the United States, and it is well-established that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994), citing Loeffler v. Frank, 486 U.S. 549, 554 (1988); Miller v. Tony and Susan Alamo Foundation, 134 F.3d 910, 915 (8th Cir. 1998) ("Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued.") Moreover, "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980), quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). Waivers of sovereign immunity "are to be 'construed strictly in favor of the sovereign and not enlarged beyond what the language requires.'" Van Wyhe v. Reisch, 581 F.3d 639, 653 (8th Cir. 2009), quoting United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992).

In the present case, Armstrong challenges the SSA's 2004 determination in that she appears to claim that she was entitled to receive a higher benefit from the SSA.[4] Judicial review

---

[4] In its Memorandum, the Defendant has referenced another disability application that was filed by Armstrong on November 26, 2001. (See, Def.'s Memo. in Supp., Dkt. 9, at pp. 2-3). Assuming the representations contained in the Defendant's Memorandum are true (as it has provided no Affidavit attesting to its representations as to the 2001 application), this application was denied on April 12, 2002. Armstrong requested reconsideration, an ALJ hearing, and review by the Appeals Counsel. The Appeals Council approved the claim on March 27, 2007, but found that Armstrong was only able to meet the non-medical requirements for SSI during the month of December 2001. The SSA represents that Armstrong also did not further appeal or seek judicial review of that decision.
    The 2007 decision of the Appeals Council may provide some context. However, as the Court understands Armstrong's claim, she is attempting to challenge the 2004 decision, as there is no reference to the 2007 decision in her Statement of Claim. As such, the Court is not relying on any representations regarding the 2007 decision of the Appeals Council. However, the Court will simply note that even if Armstrong was attempting to appeal the final decision of the Appeals Council issued in 2007, such a claim would clearly be time-barred, as no appeal was apparently filed within 60 days of the Appeals Council's March 27, 2007 decision. See, 42 U.S.C. §405(g) (a civil action seeking review of the Commissioner's final decision must be filed within 60 days).

of an SSA determination is governed by 42 U.S.C. § 405(g) and (h), which provide the exclusive jurisdictional basis for judicial review of the SSA's administrative decisions. See, Slycord v. Chater, 921 F. Supp. 631, 638 (N.D. Iowa 1996).

Section 405(g) provides that "[a]ny individual, after a **final decision** of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain review of such decision by a civil action commenced within sixty days" in a federal district court. 42 U.S.C. § 405(g) [emphasis supplied].[5] Section 405(h) further states:

> "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

42 U.S.C. § 405(h). "Thus, 42 U.S.C. § 405(g) provides the exclusive method of judicial review of an administrative decision, and a 'final decision of the Commissioner made after a hearing' is a prerequisite for judicial review." Slycord v. Chater, 921 F. Supp. at 638, citing Califano v. Sanders, 430 U.S. 99, 106-07 (1977); see also, Sheehan v. Secretary of Health, Ed. & Welfare, 593 F.2d 323, 325 (8th Cir. 1979)("Section 405(g) extends subject matter jurisdiction for judicial review **only** to final decision(s) of the Secretary made after a hearing")[emphasis supplied, citations omitted]; Weinberger v. Salfi, 422 U.S. 749, 766 (1975)("a 'final decision' is a statutorily specified jurisdictional prerequisite"); Rowden v. Warden, 89 F.3d 536, 537 (8th Cir. 1996)(plaintiff "may seek judicial review of the Secretary's decision in this case only after a final decision by the Secretary").

---

[5] Pursuant to 42 U.S.C. 1393(c)(3), SSI claims are also subject to judicial review according to the terms of Section 405(g).

A final decision, for purposes of judicial review, occurs only upon completion of a four-step administrative appeal process that includes an initial determination, reconsideration, a hearing before an administrative law judge, and review (or denial of review) by the Appeals Council. See, 20 C.F.R. § 404.900(a)(1)-(5). Only when a claimant has completed all steps of the administrative review process has the Commissioner made a final decision. Shinn by Shinn v. Sullivan, 915 F.2d 1186, 1187 (8th Cir. 1990). Accordingly, a district court does not have subject matter jurisdiction to review a "final decision" of the Commissioner until all administrative remedies have been exhausted. Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992).

In the instant case, Armstrong was awarded benefits in 2004, and she is now claiming that the 2004 award was somehow inadequate. However, the undisputed record establishes that Armstrong did not exhaust her administrative appeal remedies, and in fact, the record shows that Armstrong never even initiated the administrative appeal process. Accordingly, because Armstrong never obtained a "final decision" within the meaning of Section 405(g), this Court is without jurisdiction to review the adequacy of the SSA's 2004 award of benefits. As noted, the burden of establishing the existence of subject matter jurisdiction lies with the plaintiff. Green Acres Enterprises, Inc., 418 F.3d at 856. Armstrong has clearly failed to meet that burden, as she has presented no evidence that would suggest she exhausted her administrative remedies with respect to the 2004 award of benefits by the SSA.[6]

---

[6] The Court recognizes that "in certain special cases" the exhaustion and jurisdictional requirements may be waived. See, e.g., Heckler v. Ringer, 466 U.S. 602, 618 (1984)(exhaustion may be excused where a plaintiff raises a challenge wholly collateral to a claim for benefits and makes a colorable showing that the injury could not be remedied by a retroactive payment of benefits); Schoolcraft v. Sullivan, 971 F.2d 81, 87 (8th Cir. 1992)(recognizing that where the purposes of underlying exhaustion are relevant, exhaustion of administrative remedies may not

For these reasons, the Court recommends that the SSA's Motion to Dismiss be granted and that Armstrong's Complaint be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss [Docket No. 8] be GRANTED;

2. That this action be DISMISSED without prejudice for lack of subject matter jurisdiction.


Dated: April 8, 2011                               s/Leo I. Brisbois
                                                   LEO I. BRISBOIS
                                                   United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 22, 2011,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.

---

be excused), cert. denied, 510 U.S. 1081 (1994). Armstrong has failed to provide any reason why the administrative exhaustion requirement should be excused in this case, and no reason for excusing exhaustion is readily apparent based on a review of the record. As such, the Court finds that this case does not fall within the "special cases" category.